AUG 18 2026 PM1:13
FILED - USDC - FLMD - TPA

# CIVIL COVER SHEET

8:26-CV-2414-WFJ-SPF

Danielle Kinsey

3490 Saturn rd
Brooksville, FL 34604
(727)967-6429
Daniellekinsey1109@outlook.com

Erick Kinsey

3490 Saturn Rd
Brooksville, FL 34604
(727)809-0855
Erickkinsey5@gmail.com

**PLAINTIFFS**

V.

Capital One(US)NA

1680 Capital One Drive
McLean, VA 22102

**Defendant**

TPA-74744

Come Now plaintiffs Danielle & Erick Kinsey with intent to sue Capital One (US)NA for violations of Florida statute Title 45 chapter 895.03, Title 46 Chapter 772.103, and Title 46 Chapter 777.04.

## COMPLAINT

1. Defendant Capital One(US)NA hired a law firm Pollack & Rosen P.A. based in Florida to use the state court system as a tool of extortion. To extort Danielle Kinsey for the sum of $8,936.15. A violation of Florida Statutes: Title 46 Chapter 777.04, Title 46 Chapter 772.103, and Title 45 Chapter 895.03
2. Defendant Capital One (US)NA is headquartered in Mclean, Virginia.
3. Florida Statute Title 45 Chapter 895.05 provides civil cause of action for violations of Title 45 Chapter 895.03.
4. Florida Statute Title 46 Chapter 772.104 provides civil cause of action for violations of Title 46 Chapter 772.103.
5. Florida Statute Title 36 Chapter 605.0304 clearly states that business debt incurred by an LLC structured business is solely the debt of said business. No LLC structured business debt may be transferred to any owner or managing member.
6. Capital One(US)NA was aware that “My Mechanic Tampa LLC” was an LLC structured business.
7. Capital One(US)NA with its actions did willfully and with malicious intent cause the infliction of severe emotional distress on the plaintiffs.
8. Capital One(US)NA is operating as a criminal enterprise in the state of Florida.
9. Capital One(US)NA has ignored the Florida statutes that protect the citizens of Florida from unlawful debt collection thousands of times. Plaintiffs have provided evidence in support of this claim.
10. Capital One(US)NA have caused the plaintiffs financial harm.

11. Capital One(US)NA has not at any time had "Litigation Privilege" to sue Danielle Kinsey Personally.
12. Capital One(US)NA actions constitute civil conspiracy under Title 46 Chapter 777.04.
13. Related case is in the County Court For Pasco County Florida Civil Division case number: 2017-cc-001407

**TIMELINE OF EVENTS**

1. April 28th 2017 law firm Pollock and Rosen P.A. file suit on behalf of Capital One (US)NA against Danielle Kinsey. Included in the filing is an invoice of a business dealing between My Mechanic Tampa LLC and Capital One. The invoice is for a Visa Business Spark card.
2. June 7th 2017 Danielle Kinsey files a response to the lawsuit Danielle Kinsey's response is a general denial of all the claims against her as she has never been in contract with Capital One(US)NA.
3. September 6th 2017 Pollack & Rosen P.A. on behalf of Capital One(US)NA filed a motion for a summary judgment against Danielle Kinsey.
4. September 26th 2017 Danielle Kinsey responded to the motion for summary judgment pointing out that she is being sued personally for LLC protected business debt. Danielle also includes in her filing a copy of Florida statute 605.0304 (also included in the evidence exhibit) this statute makes it illegal to transfer debt belonging to an LLC structured business to a managing member.
5. April 26th 2018 a hearing is held on the motion for summary judgment. Danielle Kinsey by way of her husband Erick Kinsey presents the court with the Florida statute 605.0304 and explains that the debt does not belong to Danielle Kinsey.

The court agreed with Danielle Kinsey's argument and verbally reprimanded the Capital One(US)NA attorney Kevin Spinozza. The judge did advise Capital One(US)NA hired attorney Kevin Spinozza that in order to get a judgment against Danielle Kinsey Capital One(US)NA would first need to prove Danielle Kinsey owed them money. It is at this point in April of 2018 that Danielle and Erick Kinsey heard nothing more from the court or the case until January of 2025.

6. April 27th 2018 Attorney Kevin Spinozza of law firm Pollack & Rosen P.A. on behalf of Capital One(US)NA filed civil court minutes in lieu of the court order issued the previous day. Indicated on the civil Court minutes is that the law firm representative Kevin Spinozza would be preparing the court order; those court orders were never entered into record anywhere. For the hearing held on April 26th 2018 there is no court order signed by a judge anywhere although the Civil Court Minutes do indicate that the order should have been prepared by Pollack & Rosen P.A. attorney Kevin Spinozza and signed by the judge.

7. April 30th 2020 the court sent a notice of lack of prosecution to Pollock & Rosen P.A.

8. June 5th Pollack & Rosen P.A. responded to the notice of lack of prosecution by filing a Motion For Judicial Default against Danielle Kinsey. As part of their filing Pollack & Rosen P.A. attorney Kevin Spinozza knowingly lied by stating that Danielle Kinsey did not respond to the initial filing.

9. June 12th 2020 the Motion For Judicial Default against Danielle Kinsey is denied by the court. Pollack and Rosen P.A. is given 60 days within which to submit a proposed summary judgment.

10. August 23rd 2021, 416 days after being given 60 days to submit a proposed settlement, and with a new judge assigned to the case, Pollack & Rosen P.A.

somehow secured a final judgment against Danielle Kinsey without her being notified of any hearing or present to represent herself. The last time Danielle Kinsey heard anything about the case was April 26th 2018 when the judge agreed that she did not owe any money to Capital One(US)NA. At this point (August of 2021) Danielle is still unaware there is continuing legal action being taken against her and would not be notified of any action taken against her until January of 2025.

11. In January of 2025 Danielle and Erick Kinsey began receiving threatening, harassing, extortive letters. The letters are from Pollack & Rosen P.A..

**CLAIM**

1) The claim is that Capital One hired a law firm Pollack & Rosen P.A. based in Florida to use the state court system as a tool of extortion. To extort Danielle Kinsey the sum of 8,936.15. Capital One did this knowing that Danielle Kinsey did not personally owe them any money; they did this with malicious intent to cause intentional infliction of emotional distress and for their own profit. Through the plaintiff's own investigation we have found that Capital One behavior is not an anomaly, it is their modus operandi.(772.103) The plaintiffs have prepared evidence exhibits in support of this claim . The defendant Capital One has no litigation privilege as there has never been a contract between Danielle Kinsey and Capital One they had no cause to hire a firm to file vexatious litigation, this constitutes deliberate malicious prosecution, and abuse of process as well as maintaining a criminal enterprise.

2) The plaintiffs also assert that Capital One is responsible for the criminal behavior of the law firm that they hired in pursuit of the extortion plot against Danielle Kinsey. Including but not limited to extortion, perjury, and harassment, and threats.

3) Capital One(US)NA hired law firm Pollack & Rosen P.A. to take actions against the

plaintiffs. At the behest of Capital One(US)NA the actions taken were willful and with such malicious intent that even when told NO by the court the Defendant resorted to mafia style tactics including threats and circumventing the court.

**EVIDENCE**

A) Relative filings from the complete docket for County Court For Pasco County Florida Civil Division case number: 2017-cc-001407. Documents Support the claims made in the timeline section.

B) Florida statute 605.0304

C) Florida statute 895.03

D) Florida statute 895.05

E) Florida statute 772.103

F) Florida statute 772.104

G) Florida statute 777.04

H) Threatening letters in support of claim made in paragraph 11 of the "Timeline" section

I) Cases in support of the claim made in paragraph 1 of the claim section.

**RELIEF**

The intentional actions taken by Capital One to extort a significant portion of our annual income have caused extreme emotional distress and medical conditions in which the plaintiffs are unable to eat, sleep soundly, and now have an inability to perform sexually. Additionally the actions of the defendant have caused financial harm to the plaintiffs.

The Plaintiffs are seeking damages in the amount of $30,000 for financial harm and additional damages of $520,000,000 for the intentional severe emotional distress caused by the criminal behaviors of Capital One(US)NA.

Plaintiffs affirm under penalty of perjury all statements contained in this filing are true and correct to the best of plaintiff knowledge.

8·18·26

Danielle Kinsey Date
(727)967-6429
DanielleKinsey1109@outlook.com

8-18-26

Erick Kinsey Date
(727)809-0855
Erickkinsey5@gmail.com

# PLANTIFF'S DEMAND FOR JURY TRIAL

Pursuant to rule 38 of the Federal Rules Of Civil Procedure the plaintiffs request a jury trial for the related case.

Danielle Kinsey 8-18-26
Danielle Kinsey Date

Erick Kinsey 8-18-26
Erick Kinsey Date

# EXHIBIT

# A

Filing # 55717803 E-Filed 04/28/2017 11:04:24 AM

CAPITAL ONE BANK (USA), N.A.,

Plaintiff,

vs.

DANIELLE KINSEY,

Defendant.
______________________________/

IN THE COUNTY COURT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

**COMPLAINT**

Plaintiff, CAPITAL ONE BANK (USA), N.A., sues Defendant, DANIELLE KINSEY, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.
2. Plaintiff is a National Banking Association authorized to do business in Florida.
3. Defendant, DANIELLE KINSEY, is an individual, is sui juris, and is a resident of PASCO County, Florida.
4. The Defendant requested an extension of credit from CAPITAL ONE BANK (USA),, N.A..
5. The credit account number was [redacted]
6. All conditions precedent to the bringing of this action have been met or waived.
7. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.
8. Defendant caused various charges to be made through the use of said card.

**COUNT I (ACCOUNT STATED)**

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

9. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on 12-07-15, they agreed to the resulting balance.
10. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.
11. Defendant(s) owes Plaintiff the principal sum of $8936.15 since 12-07-15 on the account.
12. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $8936.15 against the Defendant,

DANIELLE KINSEY, plus costs and disbursements in the institution of this suit; and any other relief which this Court deems just and proper.

**COUNT II (UNJUST ENRICHMENT)**

Plaintiff realleges and reaffirms paragraphs 1-8.

13. The Defendant received a financial benefit, which was in fact appreciated by the Defendant.

14. The Defendant accepted the financial benefit.

15. By virtue of the circumstances surrounding the use of the credit card, the Defendant knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

16. It would be inequitable for this Court to allow the Defendant to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

17. The Plaintiff has no adequate remedy at law if the relief sought is not afforded.

WHEREFORE, Plaintiff demands judgment for damages of $8936.15 against the Defendant, DANIELLE KINSEY, plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

POLLACK & ROSEN, P.A.
806 Douglas Rd.
South Tower, Suite 200
Coral Gables, FL 33134
Tel 305-448-0006
Fax 305-569-0101

By: ______________
for KEVIN SPINOZZA, ESQ.
FLA. BAR NO: 90570

Matter No: 2843263

Ex. A. page 2

Capital One


Customer Service 1-800-258-9319
www.capitalone.com

Nov. 06 - Dec. 05, 2015 30 Days in Billing Cycle

| Visa Business Card | | Account ending in [redacted] |
|---|---|---|
| NEW BALANCE | PAYMENT DUE | DUE DATE |
| $8,936.15 | $8,936.15 | PAST DUE |

Available Credit: $0.00

**IMPORTANT ACCOUNT UPDATES**

Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

| Previous Balance | | Payments and Credits | | Fees and Interest Charged | | Transactions | | New Balance |
|---|---|---|---|---|---|---|---|---|
| $8,784.00 | - | $0.00 | + | $152.15 | + | $0.00 | = | $8,936.15 |

**BUSINESS TRANSACTIONS**

PAYMENTS, CREDITS & ADJUSTMENTS FOR DANIELLE KINSEY #[redacted]

TRANSACTIONS FOR DANIELLE KINSEY #[redacted]

TRANSACTIONS FOR ERICK A KINSEY #[redacted]

Purchase Spend Limit : $0.00 Cash Spend Limit : $0.00

**FEES**

| | | |
|---|---|---|
| | Total Fees This Period | $0.00 |
| **INTEREST CHARGED** | | |
| INTEREST CHARGE:PURCHASES | | $152.15 |
| | Total Interest This Period | $152.15 |
| **TOTALS YEAR TO DATE** | | |
| | Total Fees This Year | $234.00 |
| | Total Interest This Year | $1,432.49 |

**Help Is Available.**
Just Pick Up the Phone.

Call **1-800-258-9319** and a specially trained agent will be happy to help you or answer any questions you may have.

300043-C

**INTEREST CHARGE CALCULATION**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 20.90% D | $8,857.32 | $152.15 |
| Cash Advances | 24.90% D | $0.00 | $0.00 |

P,L,D,F = Variable Rate. See reverse of page 1 for details

PLEASE RETURN PORTION BELOW WITH PAYMENT OR LOG ON TO WWW.CAPITALONE.COM TO MAKE YOUR PAYMENT ONLINE.

[redacted]

Capital One

Account ending in [redacted]

| Due Date | New Balance | Amount Enclosed |
|---|---|---|
| Past Due | $8,936.15 | . |

**Stay Informed.**

For the most current information about your account, give us a call at **1-800-258-9319.**

400021

DANIELLE KINSEY
MY MECHANIC TAMPA LLC
10623 MARSHA DR
NEW PORT RICHEY, FL 34655-2194

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

Ex. A. Page 3

[redacted]

IN THE COUNTY/CIRCUIT COURT,
IN AND FOR pasco_COUNTY, FLORIDA

CASE NO: 2017CC001407CCAXWS
JUDGE: ____________________
DIV: _CIVIL_

CAPITAL ONE BANK (USA) _ Plaintiff(s)

vs.

DANIELLE KINSEY Defendant(s)

FILED FOR RECORD
PASCO COUNTY, FLORIDA
2017 JUN -7 PM 12: 33
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida

**ANSWER**

1. I lack the knowledge as to the truth of this statement
2. I Admit this statement
3. I lack knowledge on this statement
4. I deny this statement
5. I lack knowledge on this statement
6. I lack knowledge on this statement
7. I lack knowledge on this statement
8. I deny this statement
9. I lack knowledge on this statement
10. I deny this statement
11. I deny this statement
12. I lack knowledge on this statement
13. I deny this Statement
14. I deny this statement

Ex. A. Page (4)

15. I deny this statement

16. I deny this statement

17. I lack knowledge on this statement

I hereby certify that a copy hereof has been furnished by hand-delivery/mail to Plaintiff/ Plaintiff's attorney at Pollack & Rosen 806 Douglas Road, South Tower Suite 200 Coral Gables Fl. 33134 this 7th day of June, 2017.

Danielle Kinsey

10623 Marsha Dr

New Port Richey, Fl. 34655
(727) 372-1640

CPU TRINITY SELF STORAGE
4134 LITTLE RD
NEW PORT RICHEY
FL
34655-1721
116375-5556
(800)275-8777
06/07/2017 12:10 PM

| Product Description | Sale Qty | Final Price |
|---|---|---|
| First-Class Mail Letter | 1 | $0.49 |
| (Domestic) (MIAMI, FL 33134) (Weight:0 Lb 0.50 Oz) (Expected Delivery Day) (Friday 06/09/2017) | | |
| Certified | 1 | $3.35 |
| (@@USPS Certified Mail #) (70163010000008464673) | | |
| Return Receipt | 1 | $2.75 |
| (@@USPS Return Receipt #) (9590940226056336160532) | | |
| Total | | $6.59 |

Bill #: 840-23350375-1-431147-1
Login ID: CLERK1

7016 3010 0000 0846 4673

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.35

Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy) $ 2.75
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage
$ .49

Total Postage and Fees
$ 6.59

Postmark Here

USPS NORTH TRINITY STORAGE CPU
JUN - 7 2017
TRINITY, FL 34655

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

Ex. A. Page 6

CAPITAL ONE BANK (USA) N.A.,

Plaintiff,

vs.

DANIELLE KINSEY,

Defendant,

______________________________/

IN THE COUNTY COURT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2017-CC-001407

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW the Plaintiff, by and through undersigned counsel, and files this motion in accordance with Florida Rule of Civil Procedure 1.510, and in support hereof states that:

1. The Defendant has filed an Answer to the Complaint in the above-styled cause.
2. That Answer consists of a general denial, and fails to raise any defense in fact or law that would preclude judgment in favor of the Plaintiff.
3. There is no genuine issue as to any material fact, and the Plaintiff is entitled to judgment as a matter of law.
4. An Affidavit in Support of Motion for Summary Judgment is being submitted herewith with supporting documentation.

WHEREFORE, it is respectfully requested that this Honorable Court enter Final Judgment in favor of the Plaintiff for the amounts set forth in the above-referenced Affidavit in Support of Motion for Summary Judgment.

**MEMORANDUM OF LAW IN SUPPORT OF SUMMARY JUDGMENT**

1. Standard for Summary Judgment:

Summary Judgment is available where the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(c). Summary judgments are an "integral" part to our judicial system, with a "fundamental purpose" to "expedite litigation." Cia. Ecuatoriana De Aviacion v. U.S. & Overseas Corp., (Fla. 3d DCA 1962).

Specifically, a motion for summary judgment is used as a means of expediting the disposition of baseless litigation. Delany v. Breeding's Homestead Drug Co., 93 So.2d 116 (Fla. Sup. Ct., 1957); Page v. Staley, 226 So.2d 129 (Fla. 4th DCA, 1969); Gordon v. Hotel Seville, Inc., 105 So.2d 175 (Fla. 3rd DCA, 1958). Unsubstantiated affirmative defenses raised against a claim established by undisputed evidence are insufficient to stop a Motion for Summary Judgment. Walter T. Embry, Inc. v. LaSalle National Bank, 792 So.2d 567 (Fla. 4th DCA, 2001). Issues of fact do not arise merely because the Defendant disagrees with the facts established by competent evidence, nor because the Defendant wants the court to hear the case. Robinson v. Loyola Foundation, Inc., 236 So.2d 154 (Fla. 1st DCA, 1970).

"If the party moved against has admitted facts which preclude him from obtaining a judgment, or is without evidence to rebut facts established by his opponents evidence, which, if true precludes a judgment in his favor, a summary judgment is proper." Connolly v. Sebeco, 89 So.2d 482 (Fla. Sup. Ct., 1956). However, when the Plaintiff states a cause of action and Defendant is unable to rebut the allegations, a mere paper issue will not avoid a summary judgment. Reflex, N.V. v. Umet Trust, 336 So.2d 473 (Fla. 3rd DCA, 1976); Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. Sup. Ct., 1956). If it appears to the trial court that an asserted claim is without merit under law and

nothing could be accomplished by submitting immaterial issues to a jury, then a Summary Judgment should be granted. Hardcastle v. Mobley, 143 So.2d 715 (Fla. 3rd DCA, 1962).

Under this standard, the undisputed material facts of this case, and the prevailing case law, a Summary Judgment should be issued in favor of the Plaintiff in this case.

WHEREFORE, in the present case, Plaintiff respectfully requests this Honorable Court to enter Final Judgment in favor of the Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing was furnished to DANIELLE KINSEY at 10623 MARSHA DR NEW PORT RICHEY FL 34655-2194 on the 5 day of September, 2017.

POLLACK & ROSEN, P.A.
806 DOUGLAS ROAD
SOUTH TOWER, SUITE 200
CORAL GABLES, FL 33134
TEL: (305) 448-0006
FAX: (305) 569-0101
LegalPleadings@PollackRosen.com

KEVIN SPINOZZA, ESQ.
FLA. BAR NO.: 90570

File# 2843263

COUNTY COURT

CAPITAL ONE BANK (USA), N.A.,
*Plaintiff,*

v. Case No. 2017CC001407CCAXWS

DANIELLE KINSEY
*Defendant(s).*

AFFIDAVIT

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Kathy Cimburke, who states under oath as follows:

1. I am over 18 years old and competent to testify to the matters set forth herein. I am an employee of Capital One Services, LLC, ("COSLLC"), an agent and affiliate of Plaintiff CAPITAL ONE BANK (USA), N.A. ("Capital One"). COSLLC provides services to Capital One in connection with its credit card and related banking practices and my job responsibilities as Litigation Support Representative provide me with access to all relevant systems and documents of Capital One needed to validate the below information. I am authorized by Capital One to testify to the matters set forth herein. As a result of the scope of my job responsibilities, I have personal knowledge of the manner and method by which Capital One creates and maintains certain business books and records, including computer records of customer accounts.

2. The Capital One books and records are made in the course of Capital One's regularly conducted business activity and it is a regular practice of Capital One to make these books and records. Each of the Capital One books and records reviewed are made: (1) at or near the time the events they purport to describe occurred, by a person with knowledge of the acts and events; or, (2) by a computer or other similar digital means, which contemporaneously records an event as it occurs.

3. Capital One is the original creditor on this account. According to the books and records of Capital One, a Capital One account was opened in Defendant's(s') name for the purpose of obtaining an extension of credit. Subsequently, this account was used to acquire goods, services or cash advances

N00000044864454



Ex. A. Page 10

in accordance with the Customer Agreement governing use of that account. Defendant(s) have failed to make the required periodic payments on the account.

4. The books and records of Capital One show that Defendant(s) is/are currently indebted to Capital One on account number [redacted] for the just and true sum of $8936.15 as of 07/03/2017, and that all offsets, payments, and credits have been allowed. This balance is comprised of Defendant's(s') outstanding debt on the date the account charged off (including any pre-charge-off transactions, interest, and/or fees) less any offsets, payments, or credits applied to the account after the charge-off date.

5. Nothing in the books and records of Capital One indicate or show that the Defendant(s) is/are a minor/minors, is/are mentally incompetent or is/are otherwise incapacitated.

6. I declare under the penalty of perjury that the foregoing is true and correct and if called as a witness I would competently testify, under oath, thereto.

Given under my hand on:

Dated: 7-17-17

K Cimburke
Kathy Cimburke

County of Chesterfield, to wit:
Commonwealth of Virginia

SUBSCRIBED and sworn to before me, the undersigned Notary Public in and for the jurisdiction aforesaid, by Kathy Cimburke, who is personally known to me and who acknowledged before me his/her signature to the foregoing Affidavit.

GIVEN under my hand and seal this 17 day of July, 2017.

Notary Public

SHIRLENE A. BYRD NOTARY PUBLIC REG # 7520055 MY COMMISSION EXPIRES 05/31/2020 COMMONWEALTH OF VIRGINIA

N00000044864454
972760391
A338
POLLACK & ROSEN P.A.



Ex. A. Page (11)

CAPITOL ONE BANK (USA) N.A.

Plantiff,

Vs.

DANIELLE KINSEY,

Defendant

------------------------------------------/

IN THE COUNTY COURT IN AND FOR

PASCO COUNTY, FLORIDA

CIVIL DIVISON

CASE NO.: 2017-CC-001407

FILED FOR RECORD
PASCO COUNTY, FLORIDA
2017 SEP 26 P 12:52
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida

**DEFENDANT'S MOTION TO DENY SUMMARY JUDGEMENT IN ABOVE REFERENCED CIVIL CASE AND LAW IN SUPPORT THEREOF.**

COMES NOW the defendant Danielle Kinsey and files this motion in response to the Plaintiff's motion for summary judgement and begs the court to dismiss the above referenced case.

1. Plaintiff has filed for judgement against Danielle Kinsey's personal assets.
2. Plaintiff entered into contract with My Mechanic Tampa LLC. Danielle Kinsey executed this contract acting as an officer representing My Mechanic Tampa LLC.

**605.0108 Nature, purpose, and duration of limited liability company.—**

(1) A limited liability company is an entity distinct from its members.

3. Plaintiff was aware of Defendants status as an officer acting on behalf of My Mechanic Tampa LLC see Plaintiff original filing attached is a copy of invoice with recipient Danielle Kinsey, My Mechanic Tampa LLC.
4. **605.0304 Liability of members and managers.—**
5. (1) A debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company. A member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager. This subsection applies regardless of the dissolution of the company.
6. (2) The failure of a limited liability company to observe formalities relating to the exercise of its powers or management of its activities and affairs is not a ground for imposing liability on a member or manager of the company for a debt, obligation, or other liability of the company.
7. (3) The limitation of liability in this section is in addition to the limitations of liability provided for in s. 605.04093.

WHEREFORE, it is respectfully requested that this honorable court enter a final judgement of dismissal in the above referenced case.

**CERTIFICATE OF SERVICE**

I HEREBY certify that a copy of the foregoing was furnished to plaintiff C/O Pollack & Rosen, P.A. 806 DOUGLAS ROAD SOUTH TOWER, SUITE 200 CORAL GABLES, FL 33134 on the 26 day of September, 2017

Danielle Kinsey

Danielle Kinsey

10623 Marsha Dr.

New Port Richey fl, 34655

Capital One

Page 1 of 2
Customer Service 1-800-258-9319
www.capitalone.com

Nov. 06 - Dec. 05, 2015 30 Days in Billing Cycle

**Visa Business Card**

Account ending in [redacted]

| NEW BALANCE | PAYMENT DUE | DUE DATE |
|---|---|---|
| $8,936.15 | $8,936.15 | PAST DUE |

Available Credit: $0.00

**IMPORTANT ACCOUNT UPDATES**

Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

| Previous Balance | | Payments and Credits | | Fees and Interest Charged | | Transactions | | New Balance |
|---|---|---|---|---|---|---|---|---|
| $8,784.00 | - | $0.00 | + | $152.15 | + | $0.00 | = | $8,936.15 |

**BUSINESS TRANSACTIONS**

PAYMENTS, CREDITS & ADJUSTMENTS FOR DANIELLE KINSEY #[redacted]

TRANSACTIONS FOR DANIELLE KINSEY #[redacted]

TRANSACTIONS FOR ERICK A KINSEY #[redacted]

Purchase Spend Limit : $0.00 Cash Spend Limit : $0.00

**FEES**

| | | |
|---|---|---|
| | Total Fees This Period | $0.00 |
| **INTEREST CHARGED** | | |
| INTEREST CHARGE:PURCHASES | | $152.15 |
| | Total Interest This Period | $152.15 |
| **TOTALS YEAR TO DATE** | | |
| | Total Fees This Year | $234.00 |
| | Total Interest This Year | $1,432.49 |

**Help Is Available.**
Just Pick Up the Phone.

Call **1-800-258-9319** and a specially trained agent will be happy to help you or answer any questions you may have.

300043-C

**INTEREST CHARGE CALCULATION**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 20.90% D | $8,857.32 | $152.15 |
| Cash Advances | 24.90% D | $0.00 | $0.00 |

P,L,D,F = Variable Rate. See reverse of page 1 for details

PLEASE RETURN PORTION BELOW WITH PAYMENT OR LOG ON TO WWW.CAPITALONE.COM TO MAKE YOUR PAYMENT ONLINE.

[redacted]

Capital One

Account ending in [redacted]

| Due Date | New Balance | Amount Enclosed |
|---|---|---|
| Past Due | $8,936.15 | . |

**Stay Informed.**

For the most current information about your account, give us a call at **1-800-258-9319.**

400021

DANIELLE KINSEY
MY MECHANIC TAMPA LLC
10623 MARSHA DR
NEW PORT RICHEY, FL 34655-2194

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

Ex. A. Page (14)

[redacted]

***IN THE COUNTY COURT***
***IN AND FOR PASCO COUNTY, FLORIDA***

***CIVIL COURT MINUTES***

PRESIDING JUDGE: PAUL FIRMANI

CASE: 2017-CC-1407-WS
DIVISION: O

CAPITAL ONE BANK ✓
Plaintiff(s)

Atty: KEVIN SPINOZZA, ESQ. *TELEPHONIC* Joseph Rosen
VS.

DANIELLE KINSEY ✓ by phone
Defendant(s)

Atty:

COURT CONVENED AT 11:00 AM/PM ON 04/26/2018

**PROCEEDINGS:**

Rule invoked: ☐YES ☐NO

FILED FOR RECORD
PASCO COUNTY FLORIDA
2018 APR 27 AM 9:52
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida

Witnesses

| [Plaintiff(s)] | [Defendant(s)] |
|---|---|
| 1) | 1) |
| 2) | 2) |
| 3) | 3) |
| 4) | 4) |

Evidence Received? ☐YES ☐NO    Evidence Received? ☐Yes ☐No

Judgment for Plaintiff(s) ☐Defendant(s) ☐ by Default ☐ Other ☐

| | |
|---|---|
| Principal | $ |
| Interest Date | $ |
| Attorney Fee | $ |
| Court Cost | $ |
| Total | $ |

HEARING FOR: MOTION FOR SUMMARY JUDGMENT — Granted

Comments:

JUDGMENT OR ORDER WILL BE PREPARED BY:
☐ the Court
☒ Plaintiff(s) attorney
☐ Defendant(s) attorney

COURT RECESSED AT: 11:15 am

By: ______________________
Deputy Clerk in Attendance

*Paula S. O'Neil, Ph.D.*
*Clerk & Comptroller*
*Pasco County, Florida*

IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY FLORIDA

CAPITAL ONE BANK USA NA
Plaintiff(s)/Petitioner(s)
-vs-
DANIELLE KINSEY
Defendant(s)/Respondent(s)

Case: 2017CC001407CCAXWS

Division: O

## NOTICE OF LACK OF PROSECUTION

PLEASE TAKE NOTICE that it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months immediately preceding service of this notice, and no stay has been issued or approved by the court. Pursuant to rule 1.420(e), if no such record activity occurs within 60-day period, this action may be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least five (5) days before the hearing on the motion why the action should remain pending.

**I CERTIFY THAT A COPY HEREOF** has been furnished to those parties and/or party attorneys shown below by U.S. Mail on April 30, 2020.

SIXTH JUDICIAL CIRCUIT · CLERK OF CIRCUIT COURT & COUNTY COMPTROLLER · In God We Trust · 1887 · PASCO COUNTY · STATE OF FLORIDA

2017CC001407CCAXWS 4/30/2020 8:51:50 AM
Nikki Alvarez-Sowles
Pasco County Clerk & Comptroller
2017CC001407CCAXWS 4/30/2020 8:51:50 AM

cc:

KEVIN J SPINOZZA
806 S DOUGLAS RD STE 200
CORAL GABLES, FL 33134-2082

DANIELLE KINSEY
10623 MARSHA DR
NEW PORT RICHEY, FL 34655

Nikki Alvarez-Sowles, Esq., Pasco County Clerk & Comptroller 4/30/2020 8:51:50 AM

Filing # 108433476 E-Filed 06/05/2020 09:48:19 AM

CAPITAL ONE BANK (USA) N.A,

Plaintiff,

vs.

DANIELLE KINSEY.

Defendant.
_______________________________/

IN THE COUNTY COURT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO.: 2017CC001407CCAXWS

## MOTION FOR JUDICIAL DEFAULT

PLAINTIFF, CAPITAL ONE BANK (USA) N. A., by and through undersigned counsel. moves this Court for the entry of a Default against the Defendant. DANIELLE KINSEY. for failure to respond to Plaintiff's Complaint and as grounds therefore states as follows:

1. On March 11th. 2018. the Defendant filed a Motion for Extension of Time to Answer to Plaintiff Complaint.
2. Nonetheless. to date. the Defendant has not filed a response to the Plaintiff's Complaint

Wherefore. the Plaintiff moves this Honorable Court to enter a Default against the Defendant. and for any and all relief this Honorable Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent via e-mail to Danielle Kinsey at 10623 MARSHA DR NEW PORT RICHEY,FL 34655-2194 on this 5th day of June 2020.

Pollack & Rosen, P.A.
806 Douglas Rd.
South Tower, Suite 200
Coral Gables, FL 33134-3189
Tel: 305-448-0006
Fax: 305-669-0101
LegalPleadings@PollackRosen.com

_______________________
KEVIN SPINOZZA, ESQ
Fla. Bar No. 9057

FILE# 2843263 Ex. A. Page (17)

**IN THE COUNTY COURT, SIXTH JUDICIAL CIRCUIT**
**IN AND FOR PASCO COUNTY, FLORIDA**

CAPITAL ONE BANK (USA) N.A.

Plaintiff,

vs.

CASE NO. 51-2017-CC-001407WS
Division O

DANIELLE KINSEY

Defendant,

Filed For Record
Pasco County, Florida
2020 JUN 12 AM 9:33
Nikki Alvarez-Sowles
Clerk & Comptroller
Pasco County, Florida

**ORDER**

**THIS MATTER** having come before the Court upon the Plaintiff's Request for a Judicial Default and the Court having reviewed the motion and the Court file and being otherwise fully advised in the premises finds as follows:

The Plaintiff seeks a default alleging that the Defendant had not filed a response to the Plaintiff's complaint. This is factually incorrect.

The Defendant did timely file a response on June 7th, 2017.

The Plaintiff subsequently filed a motion for summary judgment to which the Defendant responded as well.

A hearing was held on the motion for summary judgment where both parties appeared and the motion was granted orally. For some unknown reason the Plaintiff never submitted the proposed Final Judgment along with accompanying affidavits which resulted in the Clerk's office sending out a Notice of Lack of Prosecution dated April 30th, 2020.

The Plaintiff responded by filing the motion for judicial default which was clearly in error.

Based upon the foregoing, it is hereby

Exhibit A Page (18)

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Judicial Default is denied and the Plaintiff shall have 60 days from the date of this order to file its proposed final judgment along with accompanying affidavits.

**DONE AND ORDERED** in New Port Richey, Florida, this 11th day of June, 2020.

PAUL E. FIRMANI
County Court Judge

Copies to:
Plaintiff's Attorney
Defendant

CAPITAL ONE BANK (USA), N.A.,

Plaintiff,

vs.

DANIELLE KINSEY

Defendant,

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 2017CC001407CCAXWS

# FINAL SUMMARY JUDGMENT

THIS CAUSE having come before this Honorable Court upon the Plaintiff's Motion for Summary Judgment and the Court having heard arguments and being otherwise fully advised in the premises, it is accordingly

CONSIDERED ORDERED AND ADJUDGED:

1. That the Plaintiff's Motion for Summary Judgment against the Defendant(s), DANIELLE KINSEY, be and the same is hereby **GRANTED**.

2. That the Plaintiff, CAPITAL ONE BANK (USA), N.A., whose address is 15000 CAPITAL ONE DRIVE RICHMOND VA, 23238, hereby recovers from the Defendant(s), DANIELLE KINSEY, whose address is 10623 MARSHA DR NEW PORT RICHEY, FL 34655, the sum of $8936.15, interest in the amount of 0.00, plus court costs in the sum of 355.00, making a total due and owing the Plaintiff, CAPITAL ONE BANK (USA), N.A., from the Defendant(s), DANIELLE KINSEY, in the amount $9291.15, for which let execution issue.

3. It is further ordered and adjudged that the Defendant shall complete the Fact Information Sheet pursuant to Florida Rule of Civil Procedure Form 1.977 and return it to plaintiff's attorney within 45 days from the date of this final judgment, unless the final judgment is satisfied or a motion for new trial or notice of appeal is filed.

Filed For Record
Pasco County, Florida
2021 AUG 23 PM 3:55
Nikki Alvarez-Sowles
Clerk & Comptroller
Pasco County, Florida

RECEIVED
AUG 20 2021
County Court
Chambers

Ex. A. Page (20)

4. Jurisdiction of this case is retained to enter further orders that are proper to compel the Defendant to complete form 1.977 and return it to the plaintiff's attorney.

**DONE AND ORDERED** in PASCO County, Florida, this 23rd day of August, 2021.

COUNTY COURT JUDGE

**MATTER NO: 2843263**

# EXHIBIT

# B

Select Year: 2025 Go

# The 2025 Florida Statutes

Title XXXVI
BUSINESS ORGANIZATIONS

Chapter 605
FLORIDA REVISED LIMITED LIABILITY COMPANY ACT

View Entire Chapter

**605.0304 Liability of members and managers.—**

(1) A debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company. A member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager. This subsection applies regardless of the dissolution of the company.

(2) The failure of a limited liability company to observe formalities relating to the exercise of its powers or management of its activities and affairs is not a ground for imposing liability on a member or manager of the company for a debt, obligation, or other liability of the company.

(3) The limitation of liability in this section is in addition to the limitations of liability provided for in s. 605.04093.

**History.**—s. 2, ch. 2013-180.

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us

Ex. B. Page (1)

# EXHIBIT

# C

Select Year: 2025 Go

# The 2025 Florida Statutes

Title XLVI
CRIMES

Chapter 895
OFFENSES CONCERNING RACKETEERING AND ILLEGAL DEBTS

View Entire Chapter

**895.03 Prohibited activities and defense.**—

(1) It is unlawful for any person who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of racketeering activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.

(2) It is unlawful for any person, through a pattern of racketeering activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.

(3) It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt.

(4) It is unlawful for any person to conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

**History.**—s. 3, ch. 77-334.

**Note.**—Former s. 943.462.

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us

Ex. C. Page (1)

# EXHIBIT

# D

Select Year: 2025 Go

# The 2025 Florida Statutes

Title XLVI
CRIMES

Chapter 895
OFFENSES CONCERNING RACKETEERING AND ILLEGAL DEBTS

View Entire Chapter

**895.05 Civil remedies.—**

(1) Any circuit court may, after making due provision for the rights of innocent persons, enjoin violations of the provisions of s. 895.03 by issuing appropriate orders and judgments, including, but not limited to:

(a) Ordering any defendant to divest himself or herself of any interest in any enterprise, including real property.

(b) Imposing reasonable restrictions upon the future activities or investments of any defendant, including, but not limited to, prohibiting any defendant from engaging in the same type of endeavor as the enterprise in which the defendant was engaged in violation of the provisions of s. 895.03.

(c) Ordering the dissolution or reorganization of any enterprise.

(d) Ordering the suspension or revocation of a license, permit, or prior approval granted to any enterprise by any agency of the state.

(e) Ordering the forfeiture of the charter of a corporation organized under the laws of the state, or the revocation of a certificate authorizing a foreign corporation to conduct business within the state, upon finding that the board of directors or a managerial agent acting on behalf of the corporation, in conducting the affairs of the corporation, has authorized or engaged in conduct in violation of s. 895.03 and that, for the prevention of future criminal activity, the public interest requires the charter of the corporation forfeited and the corporation dissolved or the certificate revoked.

(2)(a) All property, real or personal, including money, used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of ss. 895.01-895.05 is subject to civil forfeiture to the state.

(b) An investigative agency may, on behalf of the state, institute a civil proceeding for forfeiture in the circuit court for the judicial circuit in which real or personal tangible property, as described in paragraph (a) is located. An investigative agency may, on behalf of the state, institute a civil proceeding for forfeiture in a circuit court in the state regarding intangible property as described in paragraph (a).

(c) Upon the entry of a final judgment of forfeiture in favor of the state, the title of the state to the forfeited property shall relate back:

1. In the case of real property or a beneficial interest, to the date of filing of the RICO lien notice in the official records of the county where the real property or beneficial trust is located; if no RICO lien notice is filed, then to the date of the filing of any notice of lis pendens under s. 895.07(5)(a) in the official records of the county where the real property or beneficial interest is located; and if no RICO lien notice or notice of lis pendens is filed, then to the date of recording of the final judgment of forfeiture in the official records of the county where the real property or beneficial interest is located.

2. In the case of personal property, to the date the personal property was seized by the investigating agency.

(d) If property subject to forfeiture is conveyed, alienated, disposed of, diminished in value, or otherwise rendered unavailable for forfeiture, the investigative agency may, on behalf of the state, institute an action in any circuit court against the person named in the RICO lien notice or the defendant in the civil proceeding or criminal proceeding, and the court shall enter final judgment against the person named in the RICO lien notice or the defendant in the civil proceeding or criminal proceeding in an amount equal to the fair market value of the

property, together with investigative costs and attorney fees incurred by the investigative agency in the action. In the alternative, the court may order the forfeiture of any other property of the defendant up to the value of the property subject to forfeiture. If a civil proceeding is pending, such action shall be filed only in the court where the civil proceeding is pending.

(e) The state shall dispose of all forfeited property as soon as commercially feasible. If property is not exercisable or transferable for value by the state, it shall expire. All forfeitures or dispositions under this section shall be made with due provision for the rights of innocent persons. The proceeds realized from such forfeiture and disposition shall be promptly distributed in accordance with the provisions of s. 895.09.

(3) Property subject to forfeiture under this section may be seized by a law enforcement officer upon court process. Seizure without process may be made if:

(a) The seizure is incident to a lawful arrest or search or an inspection under an administrative inspection warrant.

(b) The property subject to seizure has been the subject of a prior judgment in favor of the state in a forfeiture proceeding based upon this section.

(4) In the event of a seizure under subsection (3), a forfeiture proceeding shall be instituted promptly. Property taken or detained under this section shall not be subject to replevin, but is deemed to be in the custody of the law enforcement officer making the seizure, subject only to the order of the court. When property is seized under this section, pending forfeiture and final disposition, the law enforcement officer may:

(a) Place the property under seal.

(b) Remove the property to a place designated by court.

(c) Require another agency authorized by law to take custody of the property and remove it to an appropriate location.

(5) The Department of Legal Affairs, any state attorney, or any state agency having jurisdiction over conduct in violation of a provision of this act may institute civil proceedings under this section. In any action brought under this section, the circuit court shall proceed as soon as practicable to the hearing and determination. Pending final determination, the circuit court may at any time enter such injunctions, prohibitions, or restraining orders, or take such actions, including the acceptance of satisfactory performance bonds, as the court may deem proper.

(6) Any aggrieved person may institute a proceeding under subsection (1). In such proceeding, relief shall be granted in conformity with the principles that govern the granting of injunctive relief from threatened loss or damage in other civil cases, except that no showing of special or irreparable damage to the person shall have to be made. Upon the execution of proper bond against damages for an injunction improvidently granted and a showing of immediate danger of significant loss or damage, a temporary restraining order and a preliminary injunction may be issued in any such action before a final determination on the merits.

(7) The state, including any of its agencies, instrumentalities, subdivisions, or municipalities, if it proves by clear and convincing evidence that it has been injured by reason of any violation of the provisions of s. 895.03, shall have a cause of action for threefold the actual damages sustained and shall also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation, reasonably incurred. In no event shall punitive damages be awarded. The defendant shall be entitled to recover reasonable attorneys' fees and court costs upon a finding that the claimant raised a claim which was without substantial factual or legal support.

(a) Either party may demand a trial by jury in any civil action brought pursuant to this subsection.

(b) Any prevailing plaintiff under this subsection or s. 772.104 shall have a right or claim to forfeited property or to the proceeds derived therefrom superior to any right or claim the state has in the same property or proceeds.

(8) A final judgment or decree rendered in favor of the state in any criminal proceeding under this act or any other criminal proceeding under state law shall estop the defendant in any subsequent civil action or proceeding under this act or under s. 772.104 as to all matters as to which such judgment or decree would be an estoppel as between the parties.

(9) The Department of Legal Affairs may bring an action for a violation of s. 895.03 to obtain injunctive relief, civil penalties as provided in this subsection, attorney fees, and costs incurred in the investigation and prosecution of any action under this chapter.

(a) A natural person who violates s. 895.03 is subject to a civil penalty of up to $100,000. Any other person who violates s. 895.03 is subject to a civil penalty of up to $1 million. Moneys recovered for civil penalties under this paragraph shall be deposited into the General Revenue Fund.

(b) Moneys recovered by the Department of Legal Affairs for attorney fees and costs under this subsection shall be deposited into the Legal Affairs Revolving Trust Fund, which may be used to investigate and enforce this chapter.

(c) In a civil action brought under this subsection by the Department of Legal Affairs, any party to such action may petition the court for entry of a consent decree or for approval of a settlement agreement. The proposed decree or settlement shall specify the alleged violations, the future obligations of the parties, the relief agreed upon, and the reasons for entering into the consent decree or settlement agreement.

(10) The Department of Legal Affairs may, upon timely application, intervene in any civil action or proceeding brought under subsection (6) or subsection (7) if it certifies that, in its opinion, the action or proceeding is of general public importance. In such action or proceeding, the state shall be entitled to the same relief as if the Department of Legal Affairs had instituted the action or proceeding.

(11) Notwithstanding any other provision of law, a criminal or civil action or proceeding under this chapter may be commenced at any time within 5 years after the conduct in violation of this chapter terminates or the cause of action accrues. If a criminal prosecution or civil action or other proceeding is brought, or intervened in, to punish, prevent, or restrain any violation of this chapter, the running of the period of limitations prescribed by this section with respect to any cause of action arising under subsection (6), subsection (7), or subsection (9) which is based in whole or in part upon any matter complained of in any such prosecution, action, or proceeding shall be suspended during the pendency of such prosecution, action, or proceeding and for 2 years following its termination.

(12) The application of one civil remedy under any provision of this chapter does not preclude the application of any other remedy, civil or criminal, under this chapter or any other provision of law. Civil remedies under this chapter are supplemental, and not mutually exclusive.

(13)(a) In addition to the authority to file a RICO lien notice set forth in s. 895.07(1), the Department of Legal Affairs, the Office of Statewide Prosecution, or the office of a state attorney may apply ex parte to a criminal division of a circuit court and, upon petition supported by sworn affidavit, obtain an order authorizing the filing of a RICO lien notice against real property upon a showing of probable cause to believe that the property was used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of ss. 895.01-895.05. If the lien notice authorization is granted, the department shall, after filing the lien notice, forthwith provide notice to the owner of the property by one of the following methods:

1. By serving the notice in the manner provided by law for the service of process.
2. By mailing the notice, postage prepaid, by certified mail to the person to be served at his or her last known address and evidence of the delivery.
3. If neither of the foregoing can be accomplished, by posting the notice on the premises.

(b) The owner of the property may move the court to discharge the lien, and such motion shall be set for hearing at the earliest possible time.

(c) The court shall discharge the lien if it finds that there is no probable cause to believe that the property was used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of ss. 895.01-895.05 or if it finds that the owner of the property neither knew nor reasonably should have known that the property was used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of ss. 895.01-895.05.

(d) No testimony presented by the owner of the property at the hearing is admissible against him or her in any criminal proceeding except in a criminal prosecution for perjury or false statement, nor shall such testimony constitute a waiver of the owner's constitutional right against self-incrimination.

(e) A lien notice secured under this subsection is valid for a period of 90 days from the date the court grants the authorization, which period may be extended for an additional 90 days by the court for good cause shown, unless a civil proceeding is instituted under this section and a lien notice is filed under s. 895.07, in which event the term of the lien notice is governed by s. 895.08.

Ex. D, Page 3

(f) The filing of a lien notice, whether or not subsequently discharged or otherwise lifted, shall constitute notice to the owner and knowledge by the owner that the property was used in the course of, intended for use in the course of, derived from, or realized through conduct in violation of ss. 895.01-895.05, such that lack of such notice and knowledge shall not be a defense in any subsequent civil or criminal proceeding under this chapter.

**History.**--s. 5, ch. 77-334; s. 301, ch. 79-400; s. 2, ch. 81-141; s. 1, ch. 84-38; s. 5, ch. 84-249; s. 6, ch. 86-277; s. 3, ch. 87-139; s. 5, ch. 90-269; s. 76, ch. 95-211; s. 1447, ch. 97-102; s. 2, ch. 2016-84.

**Note.**—Former s. 943.464.

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us

Ex. D. Page 4

# EXHIBIT

# E

Select Year: 2025 Go

# The 2025 Florida Statutes

Title XLV
TORTS

Chapter 772
CIVIL REMEDIES FOR CRIMINAL PRACTICES

View Entire Chapter

**772.103 Prohibited activities.**—It is unlawful for any person:

(1) Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of criminal activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.

(2) Through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.

(3) Employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity or the collection of an unlawful debt.

(4) To conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

**History.**—s. 3, ch. 86-277.

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us

Ex. E. Page ①

# EXHIBIT

# F

Select Year: 2025 Go

# The 2025 Florida Statutes

Title XLV
TORTS

Chapter 772
CIVIL REMEDIES FOR CRIMINAL PRACTICES

View Entire Chapter

**772.104 Civil cause of action.—**

(1) Any person who proves by clear and convincing evidence that he or she has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

(2) As an alternative to recovery under subsection (1), any person who proves by clear and convincing evidence that he or she has been injured by reason of any violation of the provisions of s. 772.103 due to sex trafficking or human trafficking shall have a cause of action for threefold the amount gained from the sex trafficking or human trafficking and in any such action is entitled to minimum damages in the amount of $200 and reasonable attorney's fees and court costs in the trial and appellate courts.

(3) In no event shall punitive damages be awarded under this section. The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court shall not consider the ability of the opposing party to pay such fees and costs. Nothing under this section shall be interpreted as limiting any right to recover attorney's fees or costs provided under other provisions of law.

**History.**—s. 3, ch. 86-277; s. 1180, ch. 97-102; s. 3, ch. 2006-168.

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us

Ex. F. Page ①

# EXHIBIT

# G

Select Year: 2025 Go

# The 2025 Florida Statutes

Title XLVI CRIMES | Chapter 777 PRINCIPAL; ACCESSORY; ATTEMPT; SOLICITATION; CONSPIRACY | View Entire Chapter

**777.04 Attempts, solicitation, and conspiracy.—**

(1) A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt, ranked for purposes of sentencing as provided in subsection (4). Criminal attempt includes the act of an adult who, with intent to commit an offense prohibited by law, allures, seduces, coaxes, or induces a child under the age of 12 to engage in an offense prohibited by law.

(2) A person who solicits another to commit an offense prohibited by law and in the course of such solicitation commands, encourages, hires, or requests another person to engage in specific conduct which would constitute such offense or an attempt to commit such offense commits the offense of criminal solicitation, ranked for purposes of sentencing as provided in subsection (4).

(3) A person who agrees, conspires, combines, or confederates with another person or persons to commit any offense commits the offense of criminal conspiracy, ranked for purposes of sentencing as provided in subsection (4).

(4)(a) Except as otherwise provided in ss. 104.091(2), 379.2431(1), 828.125(2), 849.25(4), 893.135(5), and 921.0022, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is ranked for purposes of sentencing under chapter 921 and determining incentive gain-time eligibility under chapter 944 one level below the ranking under s. 921.0022 or s. 921.0023 of the offense attempted, solicited, or conspired to. If the criminal attempt, criminal solicitation, or criminal conspiracy is of an offense ranked in level 1 or level 2 under s. 921.0022 or s. 921.0023, such offense is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(b) If the offense attempted, solicited, or conspired to is a capital felony, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c) Except as otherwise provided in s. 893.135(5), if the offense attempted, solicited, or conspired to is a life felony or a felony of the first degree, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(d) Except as otherwise provided in s. 104.091(2), s. 379.2431(1), s. 828.125(2), or s. 849.25(4), if the offense attempted, solicited, or conspired to is a:

1. Felony of the second degree;
2. Burglary that is a felony of the third degree; or
3. Felony of the third degree ranked in level 3, 4, 5, 6, 7, 8, 9, or 10 under s. 921.0022 or s. 921.0023,

the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(e) Except as otherwise provided in s. 104.091(2), s. 379.2431(1), s. 849.25(4), or paragraph (d), if the offense attempted, solicited, or conspired to is a felony of the third degree, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

Ex. G. Page ①

(f) Except as otherwise provided in s. 104.091(2), if the offense attempted, solicited, or conspired to is a misdemeanor of the first or second degree, the offense of criminal attempt, criminal solicitation, or criminal conspiracy is a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.

(5) It is a defense to a charge of criminal attempt, criminal solicitation, or criminal conspiracy that, under circumstances manifesting a complete and voluntary renunciation of his or her criminal purpose, the defendant:

(a) Abandoned his or her attempt to commit the offense or otherwise prevented its commission;

(b) After soliciting another person to commit an offense, persuaded such other person not to do so or otherwise prevented commission of the offense; or

(c) After conspiring with one or more persons to commit an offense, persuaded such persons not to do so or otherwise prevented commission of the offense.

**History.**—s. 8, sub-ch. 11, ch. 1637, 1868; RS 2594; GS 3517; RGS 5403; CGL 7544; s. 701, ch. 71-136; s. 1, ch. 72-245; s. 1, ch. 73-142; s. 12, ch. 74-383; s. 5, ch. 75-298; s. 1, ch. 83-98; s. 2, ch. 86-50; s. 170, ch. 91-224; s. 4, ch. 93-406; s. 14, ch. 95-184; s. 1195, ch. 97-102; s. 17, ch. 97-194; s. 2, ch. 2002-214; s. 2, ch. 2003-59; s. 204, ch. 2008-247.

**Note.**—Former s. 776.04.

Copyright © 1995-2026 The Florida Legislature • Privacy Statement • Contact Us

Ex. G. Page (2)

# EXHIBIT

# H

Filing # 213017248 E-Filed 12/17/2024 12:48:47 PM

DIN: 31

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

CAPITAL ONE BANK (USA),N.A.,
Plaintiff,

vs.

CIVIL DIVISION

CASE NO:
2017CC001407CCAXWS

DANIELLE KINSEY
Defendant.
_______________________________/

TO: DANIELLE KINSEY
3490 SATURN RD
BROOKSVILLE FL, 34604

**NOTICE OF TAKING DEPOSITION DUCES TECUM IN AID OF EXECUTION**

**YOU ARE HEREBY NOTICED** to appear **REMOTELY** before a person authorized by law to take depositions via **ZOOM VIDEO CONFERENCE** on **January 21, 2025 at 2:30 PM** Eastern Time (US and Canada), for the taking of your deposition in aid of execution in the above-styled cause.

**YOUR ZOOM LOGIN INFORMATION IS ENCLOSED**

The Defendant is hereby directed to bring with them, the following: All documents set forth on the attached **Schedule A**.

***If the Defendant wishes to settle this matter prior to the above date, the Defendant may contact the undersigned's office at (305) 448-0006.*** No offer will be deemed accepted by us or our client unless agreed to by us and our client in writing drafted by the below named law firm. Unless you are excused by the attorney listed below, or other authorized representative, or by written Order of the Court, you shall be at the above stated address at the date and time as noticed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to DANIELLE KINSEY, 3490 SATURN RD BROOKSVILLE FL, 34604 on this on this December 17, 2024.

POLLACK & ROSEN, P.A.
806 Douglas Rd., Suite 200
Coral Gables, FL 33134
Tel: 305-448-0006
Fax: 305-569-0101

_______________________________
RAMIRO KRUSS, ESQ.
FLA.BAR NO: 1011021

**MATTER NO: 2843263**



Ex. H. Page (1)

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND
FOR PASCO COUNTY, FLORIDA

CAPITAL ONE BANK (USA),N.A.,
Plaintiff,

vs.

CIVIL DIVISION

CASE NO:
2017CC001407CCAXWS

DANIELLE KINSEY
Defendant.
_____________________________/

TO: DANIELLE KINSEY
3490 SATURN RD
BROOKSVILLE FL, 34604

## NOTICE OF TAKING DEPOSITION DUCES TECUM IN AID OF EXECUTION

**YOU ARE HEREBY NOTICED** to appear **REMOTELY** before a person authorized by law to take depositions via **ZOOM VIDEO CONFERENCE** on **October 30, 2025 at 2:35pm** Eastern Time (US and Canada)**,** for the taking of your deposition in aid of execution in the above-styled cause.

## YOUR ZOOM LOGIN INFORMATION IS ENCLOSED

The Defendant is hereby directed to bring with them, the following: All documents set forth on the attached **Schedule A**.

***If the Defendant wishes to settle this matter prior to the above date, the Defendant may contact the undersigned's office at (305) 448-0006***. No offer will be deemed accepted by us or our client unless agreed to by us and our client in writing drafted by the below named law firm. Unless you are excused by the attorney listed below, or other authorized representative, or by written Order of the Court, you shall be at the above stated address at the date and time as noticed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to DANIELLE KINSEY, 3490 SATURN RD BROOKSVILLE FL, 34604 on this on this September 23, 2025.

SCAN ME

Scan this code to view your account or make a payment online. This does not affect your rights described herein.

**MATTER NO: 2843263**

POLLACK & ROSEN, P.A.
806 Douglas Rd., Suite 200
Coral Gables, FL 33134
Tel: 305-448-0006
Fax: 305-569-0191

_____________________________
RAMIRO KRUSS, ESQ.
FLA.BAR NO: 1011021

Ex. H. Page (2)

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND
FOR PASCO COUNTY, FLORIDA

CAPITAL ONE BANK (USA),N.A.,
Plaintiff,

vs.

CIVIL DIVISION

CASE NO:
2017CC001407CCAXWS

DANIELLE KINSEY
Defendant.
_______________________________/

TO: DANIELLE KINSEY
3490 SATURN RD
BROOKSVILLE FL, 34604

**NOTICE OF TAKING DEPOSITION DUCES TECUM IN AID OF EXECUTION**

**YOU ARE HEREBY NOTICED** to appear **REMOTELY** before a person authorized by law to take depositions via **ZOOM VIDEO CONFERENCE** on **May 20, 2026 at 2:50pm** Eastern Time (US and Canada), for the taking of your deposition in aid of execution in the above-styled cause.

## YOUR ZOOM LOGIN INFORMATION IS ENCLOSED

The Defendant is hereby directed to bring with them, the following: All documents set forth on the attached **Schedule A**.

***If the Defendant wishes to settle this matter prior to the above date, the Defendant may contact the undersigned's office at (305) 448-0006***. No offer will be deemed accepted by us or our client unless agreed to by us and our client in writing drafted by the below named law firm. Unless you are excused by the attorney listed below, or other authorized representative, or by written Order of the Court, you shall be at the above stated address at the date and time as noticed.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to DANIELLE KINSEY, 3490 SATURN RD BROOKSVILLE FL, 34604 on this on this April 14, 2026.

SCAN ME

Scan this code to view your account or make a payment online. This does not affect your rights described herein.

**MATTER NO: 2843263**

POLLACK & ROSEN, P.A.
806 Douglas Rd., Suite 200
Coral Gables, FL 33134
Tel: 305-448-0006
Fax: 305-569-0101

**KEVIN SPINOZZA, ESQ.**
**FLA.BAR NO: 90570**

Ex. H, Page 3

# EXHIBIT

# I

IN THE COUNTY COURT OF THE
SIXTH JUDICIAL CIRCUIT IN AND FOR
PASCO COUNTY FLORIDA

CAPITAL ONE, N.A.,

Plaintiff,

v. Case No.

THOMAS J TUCKER,

Defendant.

/

## COMPLAINT

Plaintiff, CAPITAL ONE, N.A., by and through its undersigned attorney, sues Defendant THOMAS J TUCKER and alleges as follows:

## GENERAL ALLEGATIONS

1. This is an action for liquidated damages in the amount of $8,736.01, which are within the jurisdictional limits of this Court, exclusive of court costs.

2. Venue for this action is proper in this Court because the Defendant, THOMAS J TUCKER, is an adult individual and a resident of this county.

3. Plaintiff is a National Banking Association, authorized to do business in the state of Florida.

4. All conditions precedent to bringing this action have been met or waived.

5. Plaintiff, by and through the undersigned attorney, has been able to ascertain that the Defendant is not on active duty in the United States military service. *See Exhibit 1.*

## COUNT I: ACCOUNT STATED

6. Plaintiff re-alleges and incorporates herein Paragraphs 1-5.

7. Plaintiff attaches hereto and incorporates herein the following exhibits:
**Exhibit 2**: Account Statement showing Defendant's use of or payment on the account
**Exhibit 3**: Final Account Statement rendered to Defendant

8. Defendant and Plaintiff, or Plaintiff's predecessor in interest, entered into credit transactions, beginning on August 8, 2016 whereby Defendant became indebted to Plaintiff. *See Exhibit 2.*

9. The amount due was fixed and Plaintiff, or Plaintiff's predecessor in interest, rendered statements to the Defendant evidencing the amount due. *See Exhibit 2.*

10. Based on Plaintiff's records, there are no unresolved billing disputes related to the account or the statements issued to Defendant, and therefore Defendant impliedly agreed to the resulting balance.

11. Defendant failed to pay the amount due as stated.

Ex. I. Page (1)

12. After applying all payments and credits, including those subsequent to charge off, there is now due, owing and unpaid, from Defendant to Plaintiff, the amount of $8,736.01.

13. Through its counsel, Plaintiff has demanded payment from Defendant, but Defendant has not satisfied such demand.

14. Plaintiff hereby disclaims any demand for or collection of attorneys fees associated with the bringing of this action.

WHEREFORE, Plaintiff, CAPITAL ONE, N.A., demands judgment for damages be entered against Defendant for:

a. $8,736.01, which is the current balance due: and
b. All court costs incurred in this action

❑ Robert A. Winter, Esq., FL Bar No. 0769540
❑ Rebeca M. Fleischer, Esq., FL Bar No. 177555
❑ Joy Lynn Kundawala, Esq., FL Bar No. 69406
☑ Kristian Knochel, Esq., FL Bar No. 69388
❑ Melissa Alvarez, Esq., FL Bar No. 98232
❑ Briana Boev, Esq., FL Bar No. 103503
**COOLING & WINTER, LLC**
Attorneys for Plaintiff
7901 SW 6th Court, Ste 130
Plantation, FL 33324
(954) 903-2806 / (888) 900-0067
florida@coolingwinter.com

C0812227

Ex. I. Page 7

Capital One | SPARK BUSINESS

**Spark Cash Select credit card | Visa Signature Business ending in 9704**
Jun 08, 2022 - Jul 08, 2022 | 31 days in Billing Cycle

## Payment Information

Payment Due Date
**Aug 02, 2022**

For online and phone payments, the deadline is 8pm ET.

New Balance
**$7,385.63**

Minimum Payment Due
**$215.00**

**LATE PAYMENT WARNING:** If we do not receive your minimum payment by your due date, you may have to pay a $39.00 late fee and your APRs may be increased up to the Penalty APR of 29.65%.

**MINIMUM PAYMENT WARNING:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Minimum Payment | 28 Years | $20,825 |
| $284 | 3 Years | $10,222 |

Estimated savings if balance is paid off in about 3 years: $10,603

If you would like information about credit counseling services, call 1-888-326-8055.

## Account Summary

| | |
|---|---|
| Previous Balance | $7,368.20 |
| Payments | - $204.[illegible] |
| Other Credits | $0.00 |
| Transactions | + $40.66 |
| Cash Advances | + $0.00 |
| Fees Charged | + $39.00 |
| Interest Charged | + $141.77 |
| **New Balance** | **= $7,385.63** |
| Credit Limit | $7,500.00 |
| Available Credit (as of Jul 08, 2022) | $114.37 |
| Cash Advance Credit Limit | $3,750.00 |
| Available Credit for Cash Advances | $114.37 |

## Rewards Summary

Rewards as of: 07/07/2022

**Rewards Balance**
**$22.59**

Track and redeem your rewards with our mobile app or on capitalone.com

| Previous Balance | Earned This Period | Redeemed this period |
|---|---|---|
| $22.59 | $0.00 | $0.00 |

## Account Notifications

Please check page 3 of this statement for your Account Notifications.

Pay or manage your account at capitalone.com Customer Service: 1-800-867-0904 See reverse for Important Information

Capital One | SPARK BUSINESS

THOMAS J TUCKER
ROB JOHNSON PROPERTY MAINTENANCE LLC
3968 WATSON DR
NEW PORT RICHEY, FL 34655-2021

[redacted]

Save time, stay informed.
Discover new features with the Capital One Mobile app

Scan this QR Code with your phone's camera to download the top-rated Capital One Mobile app.

Payment Due Date: **Aug 02, 2022** Account ending in 9704

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $7,385.63 | $215.00 | $ ________ |

Capital One
P.O. Box 60599
City of Industry CA 91716-0599
[redacted]

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.

Ex. I, Page 3

[redacted]

CAPITAL ONE BANK (USA), N.A.,

Plaintiff,

vs.

ROY D ANDERSON,

Defendant.

_______________________________/

IN THE COUNTY COURT OF THE 5TH JUDICIAL CIRCUIT IN AND FOR HERNANDO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

## COMPLAINT

Plaintiff, CAPITAL ONE BANK (USA), N.A., sues Defendant, ROY D ANDERSON, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.
2. Plaintiff is a National Banking Association authorized to do business in Florida.
3. Defendant, ROY D ANDERSON, is an individual, is sui juris, and is a resident of HERNANDO County, Florida.
4. The Defendant requested an extension of credit from CAPITAL ONE BANK (USA), N.A..
5. The credit account number was [redacted]
6. All conditions precedent to the bringing of this action have been met or waived.
7. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.
8. Defendant caused various charges to be made through the use of said card.

## COUNT I (ACCOUNT STATED)

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

9. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on January 10, 2020, they agreed to the resulting balance.
10. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.
11. Defendant(s) owes Plaintiff the principal sum of $8423.86 since January 10, 2020 on the account.
12. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $8423.86 against the Defendant, ROY D ANDERSON, plus costs and disbursements in the institution of this suit, and any other relief which

Spark Visa Signature Business Account Ending in [redacted]
Dec. 10, 2019 - Jan. 09, 2020 | 31 days in Billing Cycle

## Payment Information

Payment Due Date
**PAST DUE**

For online and phone payments, the deadline is 8pm ET.

| New Balance | Minimum Payment Due |
|---|---|
| $8,423.86 | $8,423.86 |

**IMPORTANT ACCOUNT UPDATES:**

Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $8,292.63 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $131.23 |
| **New Balance** | **= $8,423.86** |
| Available Credit (as of Jan. 09, 2020) | N/A |

300079

UNOFFICIAL DOCUMENT

## Account Notifications

Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account on our mobile app or at www.capitalone.com Customer Service: 1-800-258-9319 See reverse for Important Information

Please send us this portion of your statement and only one check (or one money order) to ensure your payment is processed promptly. Allow at least seven business days for delivery.

400030

Payment Due Date: **Past Due** Account Ending in [redacted]

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $8,423.86 | $8,423.86 | $ ______ |

ROY D ANDERSON
MOBILE TECH LLC.
30762 SATINLEAF RUN
BROOKSVILLE, FL 34602-7732

Capital One
P.O. Box 60599
City of Industry, CA 91716-0599

Ex. I. Page 5



09 8423860193008423865

CAPITAL ONE BANK (USA), N.A.,

Plaintiff,

vs.

ERIC W GALLERY,

Defendant.
_______________________________/

IN THE COUNTY COURT OF THE 5TH JUDICIAL CIRCUIT IN AND FOR HERNANDO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

## COMPLAINT

Plaintiff, CAPITAL ONE BANK (USA), N.A., sues Defendant, ERIC W GALLERY, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.
2. Plaintiff is a National Banking Association authorized to do business in Florida.
3. Defendant, ERIC W GALLERY, is an individual, is sui juris, and is a resident of HERNANDO County, Florida.
4. The Defendant requested an extension of credit from CAPITAL ONE BANK (USA), N.A..
5. The credit account number was [redacted]
6. All conditions precedent to the bringing of this action have been met or waived.
7. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.
8. Defendant caused various charges to be made through the use of said card.

## COUNT I (ACCOUNT STATED)

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

9. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on December 10, 2019, they agreed to the resulting balance.
10. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.
11. Defendant(s) owes Plaintiff the principal sum of $10561.46 since December 10, 2019 on the account.
12. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $10561.46 against the Defendant, ERIC W GALLERY, plus costs and disbursements in the institution of this suit, and any other relief which

Capital One



**Spark Visa Signature Business Account Ending in [redacted]**
Nov. 10, 2019 - Dec. 09, 2019 | 30 days in Billing Cycle

## Payment Information

Payment Due Date
**PAST DUE**

For online and phone payments, the deadline is 8pm ET.

New Balance
**$10,561.46**

Minimum Payment Due
**$10,561.46**

**IMPORTANT ACCOUNT UPDATES:**

Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $10,294.61 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $266.85 |
| **New Balance** | **= $10,561.46** |
| Available Credit (as of Dec. 09, 2019) | N/A |

UNOFFICIAL DOCUMENT

300079

Capital One

## Account Notifications

Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account on our mobile app or at www.capitalone.com    Customer Service: 1-800-258-9319    See reverse for Important Information

Capital One

Please send us this portion of your statement and only one check (or one money order) to ensure your payment is processed promptly. Allow at least seven business days for delivery.

400030

Capital One

Payment Due Date: **Past Due**    Account Ending in [redacted]

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $10,561.46 | $10,561.46 | $ ________ |

ERIC W GALLERY
THE CHOP GRILL, LLC
5387 EMERSON RD
BROOKSVILLE, FL 34601-5745

Capital One
P.O. Box 60599
City of Industry, CA 91716-0599

Ex. I. Page (7)



09 000000026100000000004

CAPITAL ONE, N.A.,

Plaintiff,

vs.

LINDSAY FLANAGAN,

Defendant.
______________________________/

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

## COMPLAINT

Plaintiff, CAPITAL ONE, N.A., sues Defendant, LINDSAY FLANAGAN, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.
2. Plaintiff is a National Banking Association authorized to do business in Florida.
3. Defendant, LINDSAY FLANAGAN, is an individual, is sui juris, and is a resident of PASCO County, Florida.
4. The Defendant requested an extension of credit from CAPITAL ONE, N.A..
5. The credit account number was ************9873 .
6. All conditions precedent to the bringing of this action have been met or waived.
7. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.
8. Defendant caused various charges to be made through the use of said card.

## COUNT I (ACCOUNT STATED)

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

9. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on August 23, 2023, they agreed to the resulting balance.
10. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.
11. Defendant(s) owes Plaintiff the principal sum of $12075.40 since August 23, 2023 on the account.
12. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $12075.40 against the Defendant, LINDSAY FLANAGAN, plus costs and disbursements in the institution of this suit, and any other relief

which this Court deems just and proper.

**COUNT II (UNJUST ENRICHMENT)**

Plaintiff realleges and reaffirms paragraphs 1-8.

13. The Defendant received a financial benefit, which was in fact appreciated by the Defendant.

14. The Defendant accepted the financial benefit.

15. By virtue of the circumstances surrounding the use of the credit card, the Defendant knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

16. It would be inequitable for this Court to allow the Defendant to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

17. The Plaintiff has no adequate remedy at law if the relief sought is not afforded.

WHEREFORE, Plaintiff demands judgment for damages of $12075.40 against the Defendant, LINDSAY FLANAGAN, plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

Neema Desai for

**POLLACK & ROSEN, P.A.**
**KEVIN SPINOZZA, ESQ.**
**FLA.BAR NO: 90570**
**Attorney for the Plaintiff**
806 Douglas Road, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 448-0006
Toll Free: (888) 448-1557
Facsimile: (305) 569-0101
E-mail: KEVINS@POLLACKROSEN.COM
LEGALPLEADINGS@POLLACKROSEN.COM

**Matter No: 3642968**

CapitalOne | SPARK BUSINESS



**Spark Cash credit card | Visa Signature Business ending in 9873**
Jul 23, 2023 - Aug 22, 2023 | 31 days in Billing Cycle

## Payment Information

Payment Due Date
**PAST DUE**

For online and phone payments, the deadline is 8pm ET.

New Balance
**$12,075.40**

Minimum Payment Due
**$12,075.40**

**IMPORTANT:** Your account has charged off and is now serviced by the Recoveries department at 1-800-258-9319. Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $11,811.84 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $263.56 |
| **New Balance** | **= $12,075.40** |
| Available Revolving Credit (as of Aug 22, 2023) | N/A |

## Account Notifications

ⓘ Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account at capitalone.com    Customer Service: 1-800-867-0904    See reverse for Important Information

CapitalOne | SPARK BUSINESS

LINDSAY FLANAGAN
KEVIN CHRISTOPHER CONSULTING LLC
3942 LAKE JOYCE DR
LAND O LAKES, FL 34639-4616

Payment Due Date: **Past Due**    Account ending in 9873

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $12,075.40 | $12,075.40 | $ ________ |

Capital One
P.O. Box 60519
City of Industry CA 91716-0519

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.

Ex. I, Page (10)

1    22 0000003664040000002

CAPITAL ONE, N.A.,

Plaintiff,

vs.

JAMES E BOARDMAN AND
PREMIER HOME EXPERTS LLC,

Defendant.
_______________________________/

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

## COMPLAINT

Plaintiff, CAPITAL ONE, N.A., sues Defendant, JAMES E BOARDMAN AND PREMIER HOME EXPERTS LLC., and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.
2. Plaintiff is a National Banking Association authorized to do business in Florida.
3. Defendant, JAMES E BOARDMAN, is an individual, is sui juris, and is a resident of PASCO County, Florida.
4. PREMIER HOMES EXPERTS LLC., is a corporation with a place of business in PASCO County, Florida.
5. The Defendant requested an extension of credit from CAPITAL ONE, N.A..
6 The credit account number was ************2663 .
7. All conditions precedent to the bringing of this action have been met or waived.
8. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.
9. Defendant caused various charges to be made through the use of said card.

## COUNT I (ACCOUNT STATED)

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

10. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on January 15, 2024, they agreed to the resulting balance.
11. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.

12. Defendant(s) owes Plaintiff the principal sum of $34842.96 since January 15, 2024 on the account.

13. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $34842.96 against the Defendant, JAMES E BOARDMAN AND PREMIER HOME EXPERTS LLC., plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

**COUNT II (UNJUST ENRICHMENT)**

Plaintiff realleges and reaffirms paragraphs 1-8.

14. The Defendant received a financial benefit, which was in fact appreciated by the Defendant.

15. The Defendant accepted the financial benefit.

16. By virtue of the circumstances surrounding the use of the credit card, the Defendant knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

17. It would be inequitable for this Court to allow the Defendant to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

18. The Plaintiff has no adequate remedy at law if the relief sought is not afforded.

WHEREFORE, Plaintiff demands judgment for damages of $34842.96 against the Defendant, JAMES E BOARDMAN AND PREMIER HOME EXPERTS LLC., plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

/S/

for: **POLLACK & ROSEN, P.A.**
**RAMIRO KRUSS, ESQ.**
**FLA.BAR NO: 1011021**
**Attorney for the Plaintiff**
806 Douglas Road, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 448-0006
Toll Free: (888) 448-1557
Facsimile: (305) 569-0101
E-mail: RAMIROK@POLLACKROSEN.COM
LEGALPLEADINGS@POLLACKROSEN.COM

**Matter No: 3668740**

Ex. I. Page (12)

Capital One | SPARK BUSINESS



**Spark Cash Select credit card | Visa Signature Business ending in 2663**

Dec 15, 2023 - Jan 14, 2024 | 31 days in Billing Cycle

## Payment Information

Payment Due Date

PAST DUE

For online and phone payments, the deadline is 8pm ET.

New Balance

$34,842.96

Minimum Payment Due

$34,842.96

**IMPORTANT:** Your account has charged off and is now serviced by the Recoveries department at 1-800-258-9319. Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $33,988.66 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $854.30 |
| **New Balance** | **= $34,842.96** |
| Available Credit (as of Jan 14, 2024) | N/A |

## Account Notifications

ⓘ Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account at capitalone.com

Customer Service: 1-800-867-0904

See reverse for Important Information

Capital One | SPARK BUSINESS

JAMES E BOARDMAN
PREMIER HOME EXPERTS LLC
4416 BEXLEY VILLAGE DR
LAND O LAKES, FL 34638-2746

Payment Due Date: **Past Due**

Account ending in 2663

Ex. I. Page (18)

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $34,842.96 | $34,842.96 | $ ________ |

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.

Capital One
P.O. Box 60519
City of Industry CA 91716-0519



14 0000000650000000007

Filing # 80757886 E-Filed 11/14/2018 08:59:00 AM

CAPITAL ONE BANK (USA), N.A.,

Plaintiff,

vs.

WILLIAM A MORELLO,

Defendant.
_______________________________/

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

**COMPLAINT**

Plaintiff, CAPITAL ONE BANK (USA), N.A., sues Defendant, WILLIAM A MORELLO, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.

2. Plaintiff is a National Banking Association authorized to do business in Florida.

3. Defendant, WILLIAM A MORELLO, is an individual, is sui juris, and is a resident of PASCO County, Florida.

4. The Defendant requested an extension of credit from CAPITAL ONE BANK (USA), N.A..

5. The credit account number was [redacted]

6. All conditions precedent to the bringing of this action have been met or waived.

7. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.

8. Defendant caused various charges to be made through the use of said card.

**COUNT I (ACCOUNT STATED)**

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

9. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on June 19, 2017, they agreed to the resulting balance.

10. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.

11. Defendant(s) owes Plaintiff the principal sum of $9140.54 since June 19, 2017 on the account.

12. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $9140.54 against the Defendant,

Spark [illegible] [redacted]

May 19, 2017 - Jun. 18, 2017 | 31 days in Billing Cycle

## Payment Information

Payment Due Date

**PAST DUE**

For online and phone payments, the deadline is 8pm ET.

New Balance
**$9,140.54**

Minimum Payment Due
**$9,140.54**

Interest Saver Payment
**$5,606.90**

Pay at least this amount to avoid interest on new purchases shown on your next statement

[illegible]

Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $8,909.55 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $230.99 |
| **New Balance** | **= $9,140.54** |
| Available Credit (as of Jun. 18, 2017) | N/A |

300079

## Account Notifications

Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account on our mobile app or at www.capitalone.com. Customer Service: 1-800-258-9319 See reverse for Important Information

Please send us this portion of your statement and only one check (or one money order) to ensure your payment is processed promptly. Allow at least seven business days for delivery.

400030

Payment Due Date: **Past Due** Account Ending in [redacted]

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $9,140.54 | $9,140.54 | $ ________ |

WILLIAM A MORELLO
7 LAYER COOKIE CAKES LLC
4618 POINTE O WOODS DR
WESLEY CHAPEL, FL 33543-6937

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

Ex. I. Page 15

CAPITAL ONE BANK (USA), N.A.,

Plaintiff,

vs.

MAREK GORECKI,

Defendant.
_______________________________/

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

## COMPLAINT

Plaintiff, CAPITAL ONE BANK (USA), N.A., sues Defendant, MAREK GORECKI, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.
2. Plaintiff is a National Banking Association authorized to do business in Florida.
3. Defendant, MAREK GORECKI, is an individual, is sui juris, and is a resident of PASCO County, Florida.
4. The Defendant requested an extension of credit from CAPITAL ONE BANK (USA), N.A..
5. The credit account number was [redacted]
6. All conditions precedent to the bringing of this action have been met or waived.
7. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.
8. Defendant caused various charges to be made through the use of said card.

## COUNT I (ACCOUNT STATED)

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

9. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on February 14, 2019, they agreed to the resulting balance.
10. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.
11. Defendant(s) owes Plaintiff the principal sum of $5111.21 since February 14, 2019 on the account.
12. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $5111.21 against the Defendant, MAREK GORECKI, plus costs and disbursements in the institution of this suit, and any other relief which this

Court deems just and proper.

**COUNT II (UNJUST ENRICHMENT)**

Plaintiff realleges and reaffirms paragraphs 1-8.

13. The Defendant received a financial benefit, which was in fact appreciated by the Defendant.

14. The Defendant accepted the financial benefit.

15. By virtue of the circumstances surrounding the use of the credit card, the Defendant knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

16. It would be inequitable for this Court to allow the Defendant to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

17. The Plaintiff has no adequate remedy at law if the relief sought is not afforded.

WHEREFORE, Plaintiff demands judgment for damages of $5111.21 against the Defendant, MAREK GORECKI, plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

**POLLACK & ROSEN, P.A.**
**KEVIN SPINOZZA, ESQ.**
**FLA.BAR NO: 90570**
**Attorney for the Plaintiff**
806 Douglas Road, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 448-0006
Toll Free: (888) 448-1557
Facsimile: (305) 569-0101
E-mail: KEVINS@POLLACKROSEN.COM
LEGALPLEADINGS@POLLACKROSEN.COM

**Matter No: 3329423**

UNOFFICIAL DOCUMENT

Capital One



**Spark Visa Signature Business Account Ending in** [redacted]
Jan. 14, 2019 - Feb. 13, 2019 | 31 days in Billing Cycle

## Payment Information

Payment Due Date
**PAST DUE**

For online and phone payments, the deadline is 8pm ET.

New Balance
**$5,111.21**

Minimum Payment Due
**$5,111.21**

**IMPORTANT ACCOUNT UPDATES:**

Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $4,975.71 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $135.50 |
| **New Balance** | **= $5,111.21** |
| Available Credit (as of Feb. 13, 2019) | N/A |

300079

Capital One

UNOFFICIAL DOCUMENT

## Account Notifications

Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account on our mobile app or at [illegible]    Customer Service: 1-800-258-9319    See reverse for Important Information

Capital One

Please send us this portion of your statement and only one check (or one money order) to ensure your payment is processed promptly. Allow at least seven business days for delivery.

Payment Due Date: **Past Due**    Account Ending in [redacted]

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $5,111.21 | $5,111.21 | $ ______ |

400030

Capital One

MAREK GORECKI
AUTO SOLLITION SHIPPING CENTER, LLC
7903 LAKE PLACID LN
NEW PORT RICHEY, FL 34655-4272

Capital One
P.O. Box 60599
City of Industry, CA 91716-0599

Ex. I. Page (18)



[redacted]

CAPITAL ONE, N.A.,

Plaintiff,

vs.

IAN WEBSTER,

Defendant.
_______________________/

IN THE CIRCUIT COURT OF THE 5TH JUDICIAL CIRCUIT IN AND FOR HERNANDO COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO:

**COMPLAINT**

Plaintiff, CAPITAL ONE, N.A., sues Defendant, IAN WEBSTER, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.

2. Plaintiff is a National Banking Association authorized to do business in Florida.

3. Defendant, IAN WEBSTER, is an individual, is sui juris, and is a resident of HERNANDO County, Florida.

4. The Defendant requested an extension of credit from CAPITAL ONE, N.A..

5. The credit account number was [redacted]

6. All conditions precedent to the bringing of this action have been met or waived.

7. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.

8. Defendant caused various charges to be made through the use of said card.

**COUNT I (ACCOUNT STATED)**

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

9. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on March 29, 2024, they agreed to the resulting balance.

10. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.

11. Defendant(s) owes Plaintiff the principal sum of $44369.48 since March 29, 2024 on the account.

12. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $44369.48 against the Defendant, IAN WEBSTER, plus costs and disbursements in the institution of this suit, and any other relief which this

Court deems just and proper.

**COUNT II (UNJUST ENRICHMENT)**

Plaintiff realleges and reaffirms paragraphs 1-8.

13. The Defendant received a financial benefit, which was in fact appreciated by the Defendant.

14. The Defendant accepted the financial benefit.

15. By virtue of the circumstances surrounding the use of the credit card, the Defendant knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

16. It would be inequitable for this Court to allow the Defendant to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

17. The Plaintiff has no adequate remedy at law if the relief sought is not afforded.

WHEREFORE, Plaintiff demands judgment for damages of $44369.48 against the Defendant, IAN WEBSTER, plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

UNOFFICIAL DOCUMENT

**POLLACK & ROSEN, P.A.**
**RAMIRO KRUSS, ESQ.**
**FLA.BAR NO: 1011021**
**Attorney for the Plaintiff**
806 Douglas Road, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 448-0006
Toll Free: (888) 448-1557
Facsimile: (305) 569-0101
E-mail: RAMIROK@POLLACKROSEN.COM
LEGALPLEADINGS@POLLACKROSEN.COM

**Matter No: 3682511**

Capital One | SPARK BUSINESS



**Spark Miles credit card | Visa Signature Business ending in [redacted]**
Feb 27, 2024 - Mar 28, 2024 | 31 days in Billing Cycle

## Payment Information

Payment Due Date
**PAST DUE**

For online and phone payments, the deadline is 8pm ET.

New Balance
**$44,369.48**

Minimum Payment Due
**$44,369.48**

**IMPORTANT:** Your account has charged off and is now serviced by the Recoveries department at 1-800-258-9319. Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $43,539.53 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $829.95 |
| **New Balance** | **= $44,369.48** |
| Available Credit (as of Mar 28, 2024) | N/A |

UNOFFICIAL DOCUMENT

## Account Notifications

ⓘ Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account at capitalone.com    Customer Service: 1-800-867-0904    See reverse for Important Information

Capital One | SPARK BUSINESS

IAN WEBSTER
HEALTH FREAK ONE LIFE, LLC
9146 GROVE RD
BROOKSVILLE, FL 34613-4311

Payment Due Date: **Past Due**    Account ending in [redacted]

| New Balance | Minimum Payment Due | Amount Enclosed |
|---|---|---|
| $44,369.48 | $44,369.48 | $ |

Capital One
P.O. Box 60519
City of Industry CA 91716-0519

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.

Ex. I, Page (2).



28 0000001107000000000

CAPITAL ONE, N.A.,

Plaintiff,

vs.

SARAH A JONES AND
JUST CLEAN MY MESS, LLC,

Defendant.
_______________________________/

IN THE COUNTY COURT OF THE 6TH JUDICIAL CIRCUIT IN AND FOR PASCO COUNTY, FLORIDA

CIVIL DIVISION

CASE NO:

**COMPLAINT**

Plaintiff, CAPITAL ONE, N.A., sues Defendant, SARAH A JONES AND JUST CLEAN MY MESS LLC.,, and alleges:

1. That this is an action for damages that is within this Court's jurisdictional limitations.

2. Plaintiff is a National Banking Association authorized to do business in Florida.

3. Defendant, SARAH A JONES, is an individual, is sui juris, and is a resident of PASCO County, Florida.

4. JUST CLEAN MY MESS LLC., is a corporation with a place of business PASCO County, Florida.

5. The Defendant requested an extension of credit from CAPITAL ONE, N.A..

6. The credit account number was ************1196 .

7. All conditions precedent to the bringing of this action have been met or waived.

8. Plaintiff hereby disclaims any demand or collection of attorney's fees associated with the bringing of this action.

9. Defendant caused various charges to be made through the use of said card.

**COUNT I (ACCOUNT STATED)**

Plaintiff re-alleges all of the allegations set forth in paragraphs 1 - 8.

10. Before the institution of this action, Plaintiff and Defendant had business transactions between them and on May 9, 2024, they agreed to the resulting balance.

11. Plaintiff rendered a statement of it to defendant a copy being attached hereto, and Defendant did not object to the statement.

12. Defendant(s) owes Plaintiff the principal sum of $26984.85 since May 9, 2024 on the account.

13. Demand for payment has been made.

WHEREFORE, Plaintiff demands judgment for damages of $26984.85 against the Defendant, SARAH A JONES AND JUST CLEAN MY MESS LLC., plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

**COUNT II (UNJUST ENRICHMENT)**

Plaintiff realleges and reaffirms paragraphs 1-8.

14. The Defendant received a financial benefit, which was in fact appreciated by the Defendant.

15. The Defendant accepted the financial benefit.

16. By virtue of the circumstances surrounding the use of the credit card, the Defendant knowingly requested the funds in issue and/or knowingly and voluntarily accepted the benefits bestowed.

17. It would be inequitable for this Court to allow the Defendant to retain the benefits or to be unjustly enriched at the expense of the Plaintiff or allow the Defendant to retain the value of the funds in issue without repaying the Plaintiff the value of same.

18. The Plaintiff has no adequate remedy at law if the relief sought is not afforded.

WHEREFORE, Plaintiff demands judgment for damages of $26984.85 against the Defendant, SARAH A JONES AND JUST CLEAN MY MESS LLC., plus costs and disbursements in the institution of this suit, and any other relief which this Court deems just and proper.

for

**POLLACK & ROSEN, P.A.**
**RAMIRO KRUSS, ESQ.**
**FLA.BAR NO: 1011021**
**Attorney for the Plaintiff**
806 Douglas Road, Suite 200
Coral Gables, Florida 33134
Telephone: (305) 448-0006
Toll Free: (888) 448-1557
Facsimile: (305) 569-0101
E-mail: RAMIROK@POLLACKROSEN.COM
LEGALPLEADINGS@POLLACKROSEN.COM

**Matter No: 3690722**

Capital One | SPARK BUSINESS



**Spark Miles credit card | Visa Signature Business ending in 1196**
Apr 08, 2024 - May 08, 2024 | 31 days in Billing Cycle

## Payment Information

Payment Due Date
PAST DUE

For online and phone payments, the deadline is 8pm ET.

New Balance
$26,984.85

Minimum Payment Due
$26,984.85

**IMPORTANT:** Your account has charged off and is now serviced by the Recoveries department at 1-800-258-9319. Your full balance is due. Any payment you make will reduce your balance and help pay off your debt faster. The amount you owe may differ if you've entered into a separate payment agreement.

## Account Summary

| | |
|---|---|
| Previous Balance | $26,480.09 |
| Payments | $0.00 |
| Other Credits | $0.00 |
| Transactions | + $0.00 |
| Cash Advances | + $0.00 |
| Fees Charged | + $0.00 |
| Interest Charged | + $504.76 |
| **New Balance** | **= $26,984.85** |
| Available Credit (as of May 08, 2024) | N/A |

## Account Notifications

Welcome to your account notifications. Check back here each month for important updates about your account.

Pay or manage your account at capitalone.com    Customer Service: 1-800-867-0904    See reverse for Important Information

Capital One | SPARK BUSINESS

SARAH A JONES
JUST CLEAN MY MESS
16736 POWERLINE RD
DADE CITY, FL 33523-6316

Payment Due Date: **Past Due**    Account ending in 1196

New Balance
$26,984.85

Minimum Payment Due
$26,984.85

Amount Enclosed
$ ________

Capital One
P.O. Box 60519
City of Industry CA 91716-0519

Ex. I, Page 24

Please send us this portion of your statement and only one check (or one money order) payable to Capital One to ensure your payment is processed promptly. Allow at least seven business days for delivery.



08 000000050000000000005

N1205208

**CAPITAL ONE BANK (USA), N.A.,**
*Plaintiff,*

v. 51-2012-CC-2671-EST

**MARLEEN DE WITTE**
*Defendant(s).*

FILED FOR RECORD
PASCO COUNTY, FLORIDA
12 OCT 29 AM 9:40
Paula S. O'Neil
Clerk & Comptroller
Pasco County, Florida

**AFFIDAVIT**

PERSONALLY APPEARED before the undersigned officer, duly authorized to administer oaths, Diane Trittipoe, who states under oath as follows:

1. I am over 18 years old and competent to testify to the matters set forth herein. I am an authorized agent of Plaintiff **CAPITAL ONE BANK (USA), N.A.** ("Capital One") for purposes of this affidavit. I am authorized by Capital One to testify to the matters set forth herein. As a result of the scope of my job responsibilities, I have personal knowledge of the manner and method by which Capital One creates and maintains certain business books and records, including computer records of defaulted accounts.

2. The Capital One books and records are made in the course of Capital One's regularly conducted business activity and it is a regular practice of Capital One to make these books and records. Each of the Capital One books and records reviewed are made: (1) at or near the time the events they purport to describe occurred, by a person with knowledge of the acts and events; or, (2) by a computer or other similar digital means, which contemporaneously records an event as it occurs.

3. According to the books and records of Capital One, a Capital One account was opened in Defendant's(s') name for the purpose of obtaining an extension of credit. Subsequently, this account was used to acquire goods, services or cash advances in accordance with the Customer Agreement governing use of that account. Defendant(s) have failed to make the required periodic payments on the account.

4. The books and records of Capital One show that Defendant(s) is/are currently indebted to Capital One on account numbe[redacted]for the just and true sum of **$5574.31** as of

500308

If you cannot make your minimum payment, but can pay at least $138.00, call us at 1.800.955.6600. Your account will not fall further behind, even though it will remain past due.

MARLEEN DE WITTE

**YOU'RE BEHIND BY**

**5 PAYMENTS**

Capital One
*what's in your wallet?*

# IT'S STILL NOT TOO LATE.

Your account is unusable. Please pay the amount due on your statement by the due date. Remember we're here to help!

**Let's work together to find a solution that's right for you.**

**You can make a payment with our *free* check by phone service or speak to an associate by calling 1.800.955.6600.**

*© 2009 Capital One. Capital One is a federally registered service mark. All rights reserved.*

Capital One

Page 1 of 2 1-800-867-0904
**www.capitalone.com/smallbusiness**

Jul. 07 - Aug. 06, 2011 31 Days in Billing Cycle

**Visa Business Card** XXXX-XXXX-XXXX[redacted]

| NEW BALANCE | MINIMUM PAYMENT | DUE DATE |
|---|---|---|
| $5,404.64 | $707.00 | Sep 03, 2011 |
| | PLEASE PAY AT LEAST THIS AMOUNT | |

Credit Limit: $7,200.00 Cash Credit Limit: $4,550.00
Available Credit: $1,795.36 Available Credit for Cash: $1,795.36

MINIMUM PAYMENT WARNING: If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| Payment Amount Each Period If No Additional Charges Are Made | Approximate Time to Pay Off Statement Balance | Estimated Total Cost |
|---|---|---|
| Minimum Payment | 21 Years | $9,069 |

If you would like information about credit counseling services, call 1-888-326-8055.

LATE PAYMENT WARNING: If we do not receive your minimum payment by your due date, you may have to pay a $39.00 late fee and your APRs may be increased up to the Penalty APR of 23.15%.

| Previous Balance | | Payments and Credits | | Fees and Interest Charged | | Transactions | | New Balance |
|---|---|---|---|---|---|---|---|---|
| $5,325.50 | - | $5.00 | + | $84.14 | + | $0.00 | = | $5,404.64 |

If you cannot make your minimum payment, but can pay at least $138.00, call us at 1 800 955 6600. Your account will not fall further behind, even though it will remain past due. Keep in mind, you're behind by five payments. If you continue to miss payments your account is at risk of being charged off. Please don't let this happen. If you feel overwhelmed, give us a call. We'll work with you to resolve this matter.

**BUSINESS TRANSACTIONS**

PAYMENTS, CREDITS & ADJUSTMENTS FOR MARLEEN DE WITTE #[redacted]
1 01 AUG ELECTRONIC PAYMENT ($5.00)

TRANSACTIONS FOR MARLEEN DE WITTE #[redacted]
TRANSACTIONS FOR VOLKER BRICH #5490
Purchase Spend Limit: $7,200.00 Cash Spend Limit: $4,550.00

FEES
1 03 AUG PAST DUE FEE $39.00
Total Fees This Period $39.00
Total Fees This Year $273.00

Transactions continue on page 2

# Help is Available.
Just pick up the phone.

Call 1-800-955-6600 and a specially trained agent will be happy to help you check your balance and make payments.

**INTEREST CHARGE CALCULATION**

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| Purchases | 9.93% F | $162.48 | $1.37 |
| Cash | 17.83% F | $0.00 | $0.00 |
| SpecialTrans | 9.93% F | $5,188.86 | $43.77 |

PLEASE RETURN PORTION BELOW WITH PAYMENT OR LOG ON TO WWW.CAPITALONE.COM/SMALLBUSINESS TO MAKE YOUR PAYMENT ONLINE.

[redacted]

Capital One

Account Numbe[redacted]

| Due Date | New Balance | Minimum Payment | Amount Enclosed |
|---|---|---|---|
| Sep 03, 2011 | $5,404.64 | $707.00 | . |
| | | PLEASE PAY AT LEAST THIS AMOUNT | |

**Take advantage. Take control.**
**Manage your account online at www.capitalone.com**
- Make payments
- Review account information
- Manage your account in privacy

400006

MARLEEN DE WITTE
GERMIUM LLC
1901 TWISTING LN
WESLEY CHAPEL, FL 33543-5416

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

Please make checks payable to Capital One Bank (USA), N.A. and mail with this coupon in the enclosed envelope.

Ex. I. Page 26